

**George Latimer**
County Executive

**Office of the County Attorney**

**John M. Nonna**
County Attorney

> Application granted in part and denied in part.
>
> The County Defendants' request to stay discovery is DENIED. The County Defendants' request to extend the discovery deadline by 3 months is GRANTED. The Court will separately docket an amended Scheduling Order.
>
> **SO ORDERED.**
>
> _____
> Philip M. Halpern
> United States District Judge
>
> Dated: White Plains, New York
>        August 7, 2023

Honorable Philip M. Halpern
United States District Judge
United States District Court
United States Courthouse
300 Quarropas Street
White Plains, New York 10601-4150

    Re:   *Bianca Brown v. County of Westchester et al.,* 22-cv-06146 (PMH*)*
            Request to Stay Discovery
            Second Request to Extend Discovery Schedule

Dear Judge Halpern,

    This office represents the County of Westchester ("County"), District Attorney Miriam E. Rocah, individually and officially, Former District Attorney Anthony A. Scarpino, individually and officially, Shameika M. Mathurin, individually and Cynthia A. Adimari, individually (collectively referred to as "County Defendants") in the above referenced action.  This letter is a request by County Defendants to: 1) stay any further discovery pending disposition of the County Defendants' pending motion to dismiss or in the alternative, 2) extend the discovery deadlines contained in the Civil Case Discovery Plan and Scheduling Order.  *See*, Dkt. No 71.  Counsel for Defendant Adeel Mirza ("Mirza") takes no position on the first request (stay); counsel for Plaintiff does not consent to this request.  Both counsel for Mirza and Plaintiff consent to the second request (extension).

    **EXTENSION OF DISCOVERY**

    County Defendants are requesting an additional three months to complete fact and expert discovery.  There are outstanding document and information requests by both County Defendants and Plaintiff as well as discovery objections which the parties intend to resolve without judicial intervention.  Due to the previously referenced medical issues of certain parties, vacation schedules and the sheer volume of discovery requests/objections, additional time is required to complete all fact discovery.

    **STAY OF DISCOVERY**

    Although Your Honor previously denied County Defendants' request for a stay of discovery prior to the filing of their motion to dismiss, it is respectfully submitted that the circumstances have changed since then as County Defendants submitted a motion to dismiss on July 11, 2023 which includes "substantial arguments for

dismissal" of all claims against them. *See, Shulman v. Becker & Poliakoff, LLP*, 17-cv-9330 (VM)(JLC), 2018 U.S. Dist. LEXIS 175771, at *5 (S.D.N.Y. October 11, 2018)(While the filing of a motion to dismiss does not automatically stay discovery, "in some circumstances a pending motion to dismiss may constitute good cause for a protective order staying discovery"). "Courts should consider multiple factors, including the breadth of discovery sought, the burden of responding to it, the prejudice that would result to the party opposing the stay, and the strength of the pending motion forming the basis of the request for stay." *Id. (citation omitted)*. The party requesting the stay must "demonstrate substantial arguments for dismissal." *Id. at 6 (citation omitted)*. As to the "strength of the motion" factor, Courts consider whether the "resolution of the pending motion to dismiss may dispose of the entire action." *See, Robert d. Press v. Primavera*, 21-cv-10971 (JLR), 2022 U.S. Dist. LEXIS 226954, at *4 (S.D.N.Y., December 16, 2022)(citation omitted); *see also BBAM Aircraft Mgmt. LP v. Babcock & Brown LLC,* 20-cv-1056 (OAW), 2022 U.S. Dist. LEXIS 15491, at *37-38 (D.C. Conn., August 29, 2022) (*internal quotations and citations omitted*)("Although courts typically restrain from commenting on the strength of a motion prior to issuing a ruling, many courts likewise have recognized the need for a discovery stay where the arguments are substantial and not unfounded in the law").

County Defendants have provided almost 600 pages of documents thus far in discovery but the bulk of the remaining discovery/information requested by Plaintiff includes numerous documents/information in response to her *Monell* and whistleblower[1] claims. Plaintiff does not concede that these claims are without merit. However, she now seeks to further amend her complaint to add allegations in support of those claims. *See*, Dkt. No. 75. Page 24. County Defendants' motion addresses the deficiencies in these claims. The motion also presents a number of substantial arguments for dismissing the amended pleading in its entirety against County Defendants including: 1) there is no viable claim against the individual defendants; 2) most, if not all, of the state claims are procedurally barred for failure to file a Notice of Claim and those that are included in the Notice of Claim do not plausibly allege any claim against the County Defendants; 3) Plaintiff failed to exhaust a Title VII hostile work environment claim; and 4) Plaintiff failed to plausibly allege a race or gender discrimination, retaliation and/or hostile work environment claim. Rather than addressing many of these arguments, Plaintiff simply states that her amended pleading should not be dismissed because "any claimed deficiencies can be cured by amendment as of right." *See,* Dkt. No. 75, page i. If Plaintiff intends to request permission to file another amended pleading, it would severely prejudice County Defendants to proceed with discovery under the current pleading. *See, Kirschner v. J.P. Morgan Chase Bank, N.A*., 17-cv-6334 (PGG)(SLC), 2020 U.S. Dist. LEXIS 145023, at *7-8 (S.D.N.Y. August 12, 2020)(*citation omitted*)(discovery "must be grounded in the operative complaint, not on…a proposed amended complaint").

Therefore, it is respectfully requested that the Court stay all further discovery pending the resolution of the pending motion to dismiss or in the alternative, grant a three-month extension to complete discovery on the existing complaint.

I am attaching a copy of a proposed Civil Case Discovery Plan and Scheduling Order should the Court deny the request for a stay and grant the request for the extension. Should Your Honor's staff have any questions, I can be reached at (914) 995-3577 or at iwc1@WestchesterCountyNY.gov. Thank you.

                                              Respectfully,
                                              JOHN M. NONNA
                                              Westchester County Attorney
                                              By: s/ Irma Cosgriff_____

TO: Counsel via ECF

---

[1] Plaintiff brought the instant whistleblower claim under Section 740 of the New York State Labor Law, which is not applicable to public employers. *See, Ramsaroop v. Dep't. of Educ.* of N. Y., 20-cv-4947 (ER), 2022 U.S. Dist. LEXIS 23647, at *24 (S.D.N.Y. February 8, 2022)(*citations omitted*)("it is clear that this state law does not apply to public employers").